[No. B068538. Second Dist., Div. Four. Apr. 21, 1994.]

CHARLOTTE BLY-MAGEE, Plaintiff and Respondent, v.
BUDGET RENT-A-CAR CORPORATION, Defendant and Appellant.

**COUNSEL**

Brumer, Rubin & Weston and Robert S. Rubin for Defendant and Appellant.

Burlison & Luostari and Walter R. Luostari for Plaintiff and Respondent.

**OPINION**

**VOGEL (C. S.), J.**—Appellant Budget Rent-A-Car Corporation (Budget) appeals from a judgment awarding damages of $291,000 in favor of Charlotte Bly-Magee (Bly-Magee). The jury found that Budget was negligent in failing to register a vehicle rented by Bly-Magee and that this negligence resulted in her arrest and incarceration. The trial court limited Budget's voir dire to the issue of agency and refused to submit its special verdict form

specifically describing nonparties for the allocation of comparative fault. Budget contends that each of these rulings is reversible error. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1990, Bly-Magee rented a car at Runabout Enterprises, Inc., doing business as Budget Rent-A-Car of Downey (Downey). She had been referred to Downey by using Budget's national toll free number to locate the Budget location nearest her place of employment. While using the rented car, Bly-Magee was stopped by California Highway Patrol (CHP) Officer Flores who had noticed that the tags on the license plates had expired. Flores asked Bly-Magee for the car's registration. Bly-Magee told Flores the car was rented. Flores asked Bly-Magee to produce proof of insurance but she did not do so. Flores prepared a citation for driving a vehicle with expired registration and failure to produce proof of registration and insurance. Flores asked Bly-Magee to sign it, and she refused. Flores then took Bly-Magee into custody to transport her to a magistrate.[1]

When Flores arrived at the courthouse, no magistrate was available and Bly-Magee was turned over to the Los Angeles County Sheriff who placed her in a holding cell. Bly-Magee was incarcerated for seven hours before being released on her own recognizance. While she was in custody, she was confined, verbally abused, and suffered physical and emotional injuries.

Bly-Magee filed this action against Budget and Downey only. When the matter was called for trial, it was bifurcated. The issue of Budget's responsibility for Downey's failure to register the rental car was to be determined first. The remaining issues of negligence, damages, and comparative fault were deferred to the second phase of the trial.

A jury panel was called and the trial judge told them that the case was bifurcated and that the issue of Budget's responsibility for the registration of the rental car would be decided first and could be dispositive of the entire case. In the presence of the panel and counsel, the court stated as follows: "The questions I'm going to ask you probably will relate to the entire case,

---

[1] Vehicle Code section 40302 provides: "Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases: [¶] (a) When the person arrested fails to present his driver's license or other satisfactory evidence of his identity for examination. [¶] (b) When the person arrested refuses to give his written promise to appear in court. [¶] (c) When the person arrested demands an immediate appearance before a magistrate. [¶] (d) When the person arrested is charged with violating Section 23152."

but I'm going to ask counsel to refrain from asking questions about the entire case and just stick with the issue that we're going to try first." Budget made no objection to this procedure. The voir dire was conducted and a jury panel, plus two alternates, was selected and sworn.

After the completion of opening statements, evidence was introduced on the issue of the agency relationship of Budget and Downey and Budget's responsibility for registering the rental vehicle. Thereafter, counsel gave closing argument, the jury was instructed, and the issue was submitted to the jury. A special verdict was rendered finding "Budget Rent A Car Corporation was responsible for ensuring that the vehicle rented to Plaintiff on October 4, 1990, had a valid California registration."

At the outset of the second phase of the trial, counsel for Budget informed the court of his intent to continue with voir dire. He advised the court that he had reserved peremptory challenges anticipating that he would have an opportunity to question the jurors on damages or "other issues." Initially, the trial court agreed with Budget's view indicating that if any jurors were excused the alternates could replace them. Bly-Magee's counsel objected on the ground that Budget had not raised or otherwise objected to the limitation on voir dire before the jury had been sworn prior to the commencement of the first phase of the trial. Bly-Magee argued that by accepting the jury and allowing it to be sworn, Budget was foreclosed from reinvading the present jury by resuming voir dire and subjecting the sworn jurors to peremptory challenges. The trial court ruled that voir dire would not be reopened and stated: "[T]he issue is, was this jury sufficiently voir dired when we started the case. I think it was, so we're going to dispense with further voir dire."

The trial proceeded with the introduction of oral and documentary evidence, including other complaints filed by Bly-Magee against the CHP and the Los Angeles County Sheriff's Department and individual officers of each agency.[2]

Prior to submitting the case to the jury, Budget requested the trial court to give a proposed special verdict form in which three individual deputy sheriffs were identified by name for the allocation of fault among the parties and each of the named deputies.[3] The trial court rejected Budget's proposal and used a form of special verdict which described "other persons" to whom fault could be allocated generally, not individually. The jury rendered a

[2]Bly-Magee v. Los Angeles County Sheriff's Department (U.S. Dist. Ct., C.D.Cal., No. 91 5599 CBM (Tx)); Bly-Magee v. State of California (U.S. Dist. Ct., C.D.Cal., No. 91 5600 AWT (CHKx)); and Bly-Magee v. Los Angeles County (L.A. Super. Ct., No. BC033861).
[3]Question No. 6 of the proposed special verdict form states: "Assuming that 100% represents the total negligence which was the proximate cause of the plaintiff's damage, what

verdict allocating fault 5 percent to Bly-Magee, 90 percent to Budget, 5 percent to Budget of Downey, and zero percent to "other persons" and awarded damages for $276,450.

DISCUSSION

*Limitation of Voir Dire*

Although the record reveals specific orders bifurcating the issue of responsibility for failure to register the rental car from the issues of liability and damages, the record does not indicate that there would be two trials and two juries. Code of Civil Procedure section 598 authorizes the trial court to bifurcate issues to accommodate the convenience of witnesses, to serve the ends of justice, or to achieve economy and efficiency of the handling of juries.[4] Section 598 further provides that if the issue is decided against the person on whom liability is sought ". . . the trial of the other issues . . . shall thereafter be had at such time, and . . . before the same or other jury, as ordered by the court . . . ."

Here, the trial court's rejection of Budget's proposal to resume voir dire of the jury was tantamount to ordering the case to continue on the remaining issues before the same jury. Indeed, Budget has not contended either here or in the trial court that, pursuant to section 1048,[5] the issue of Budget's responsibility had been severed, to be determined in separate trials by separate juries.

■ To the extent that Budget harbors the view that a sworn jury may be reexamined at the conclusion of the first phase of a bifurcated trial for the purpose of exercising unused peremptory challenges, Budget contemplates a procedure not provided by California law. It would waste judicial resources

---

percentage of this 100% is due to the contributory negligence of the plaintiff and what percentage of this 100% is due to the negligence of the defendants and all other persons?
    "Answer: . . .
            "Other person Officer Perez        ____%
            "Other person Officer Cronan       ____%
            "Other person Officer Nash         ____%"
    [4]All references are to the Code of Civil Procedure unless otherwise indicated.
    [5]Section 1048 provides: "(a) When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. [¶] (b) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, or of any separate issue or of any number of causes of action or issues, preserving the right of trial by jury required by the Constitution or a statute of this state or of the United States."

to impanel a jury to decide a preliminary issue and then to partially change the jury's composition by allowing a party to exercise any unused peremptory challenges. It would also be unfair to allow a party against whom an issue has been adversely decided to reshuffle the jury deck when the party has previously passed the panel for cause. Once the jury is passed for cause and sworn, the time for voir dire and peremptory challenges is over. The provision of section 598 allowing remaining issues to be tried before a separate jury means a new jury selected from a new and different array.

We are aware that section 222.5 grants counsel in a civil trial the right to conduct oral examination of prospective jurors to enable them to exercise both peremptory and "for cause" challenges. The scope of such examination may be restricted by the trial court within reasonable limits that allow counsel liberal and probing examination to discover bias and prejudice within the circumstances of each case. Although the applicable law affords counsel considerable latitude, it does not provide for a resumption of voir dire at any juncture after the jury is sworn. Therefore, the trial court did not err in denying Budget's request to voir dire the jury after it had decided the first bifurcated issue.

■ To the extent that Budget's appellate contention suggests that the trial court erred when it *initially* limited the voir dire, the record indicates that Budget has waived its right to object to that procedure. In the pretrial and final status conference, bifurcation was ordered and it was referenced again in the pretrial conference just before the commencement of trial. However, the record does not indicate that the procedure for jury selection and the conduct of voir dire were ever mentioned until the jury panel was called and the trial court announced it would conduct a general voir dire and counsel was to refrain from asking questions about the entire case and to "stick with the issue that we're going to try first."

In the absence of any understanding that the matter was to proceed as two trials before two juries if Budget did not prevail in the first phase, it was incumbent on Budget to object to the trial court's direction limiting its voir dire. Even if Budget did not want to interrupt the trial court's commentary to the jury, it should have requested a conference at side bar or raised its concern during the first recess prior to the swearing of the jury to clarify the trial court's intentions regarding separate trials. We can hardly believe that any trial lawyer would seriously anticipate an opportunity to examine jurors after they were sworn. Although that opportunity may be enticing, its contemplation is wholly fanciful.

In *Rousseau* v. *West Coast House Movers* (1967) 256 Cal.App.2d 878, 881 [64 Cal.Rptr. 655], the trial court conducted all of the voir dire and instructed counsel to submit written questions before and during the trial

court's voir dire for the interrogation of the prospective jury. Rousseau did not object to any of the court's questions, submitted none of his own, and ultimately accepted the jury as constituted. Only after an adverse verdict did Rousseau register an objection to the conduct of the jury examination. The *Rousseau* court held that the claim of error was too late and that the failure to object at the proper time precluded an appellate attack on the procedure followed by the trial court.

We find the holding in *Rousseau* applicable to the present situation. Budget failed to clarify or object to the limitation on voir dire knowing that the case was bifurcated and that the law permits the remaining issues to be tried before the same jury. Thus, to the extent that Budget contends that the trial court abused its discretion by limiting voir dire to the issue of Budget's responsibility for the registration of the rental vehicle, Budget's delay in raising its concerns constituted a waiver of its right to complain now about the conduct or scope of voir dire. (See *People* v. *Taylor* (1992) 5 Cal.App.4th 1299, 1312 [7 Cal.Rptr.2d 676].)

### The Special Verdict Form Did Not Mislead or Confuse the Jurors

This case involved not only the conduct of the named defendants, Budget and Downey, but included the participation of the CHP and the Los Angeles County Sheriff. It was appropriate to apportion damages among the defendants and the "universe of tortfeasors." (Civ. Code, § 1431.2; *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1242, fn. 4 [246 Cal.Rptr. 629, 753 P.2d 585] (conc. & dis. opn. of Kaufman, J.).) With that in mind, Budget submitted a special verdict form to the trial court in which three nonparty deputy sheriffs were identified for the purpose of having the jury fill in blanks indicating the percentage of fault allocated to any or all of them. The trial court refused to use Budget's proposed verdict form and elected to use one in which the nonparties to whom some percentage of fault could be allocated were identified generally as "other persons." ▮ Because the jury allocated no fault to the nonparty "other persons," Budget contends the trial court's refusal to use its form resulted in confusion among the jurors and constituted reversible error.

To buttress this contention, Budget lodged four affidavits of jurors with the trial court in support of its motion for a new trial. All four of the affidavits are uniform and in pertinent part state that the declarants and fellow jurors did not understand if the percentage of negligence attributable to "other persons" included the negligence of the CHP or the sheriff's department. The affidavits go on to state that, if they had known that "other persons" referred to the CHP and the Los Angeles County Sheriff's Department, they would have allocated some percentage to them. These declarations come within Evidence Code section 1150 and are inadmissible. The

declarations "at most suggest 'deliberative error' in the jury's collective mental process—confusion, misunderstanding, and misinterpretation of the law." (*Ford* v. *Bennacka* (1990) 226 Cal.App.3d 330, 336 [276 Cal.Rptr. 513].)

To the extent that Budget's counsel harbored any apprehension that the phrase "other persons" would not clearly identify to the jurors the nonparties to whom fault could be allocated, he should have concentrated on that subject in his closing argument. Indeed, one would expect trial counsel to underscore and explain to the jury the importance of allocation and even hazard a suggestion as to the appropriate formula. Given that the evidence included expansive references to the conduct of the CHP and the sheriff's department, including the complaints in the other cases filed by Bly-Magee against these law enforcement agencies arising out of this same incident, Budget had every opportunity to focus the jury on this issue but chose not to do so. In sum, the verdict form used by the trial court was not confusing or ambiguous and could not have reasonably misled the jury. We reject Budget's contention to the contrary.

DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.