Filed 7/15/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DAEJA PAZ SHEPARD BRANOM, | ) | No. BV 032699 |
| Plaintiff and Appellant, | ) ) | Chatsworth Trial Court |
| v. | ) ) | No. 15K15361 |
| STEVEN DIAMOND, | ) ) | |
| Defendant and Respondent. | ) ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Randy Rhodes, Judge. Dismissed.

Law Offices of Tabone and Derek L. Tabone for Plaintiff and Appellant.

Law Office of Cleidin Z. Atanous, Cleidin Z. Atanous and David E. Robinson for Defendant and Respondent.

\* \* \*

1

Plaintiff Daeja Paz Shepard-Branom brought a personal injury action to recover damages arising from a vehicle collision with defendant Steven Diamond.  Prior to trial, the parties signed a consent agreement to participate in the voluntary expedited jury trial process set forth in Code of Civil Procedure section 630.01 et seq.[1]  The jury awarded economic damages to plaintiff in the amount of $2,450, and the trial court entered judgment accordingly.

Plaintiff purports to appeal from an order denying her motion for a new trial, arguing the award was inadequate as a matter of law.  Section 630.09 provides that by participating in a voluntary expedited jury trial, the parties agree to waive the right to appeal except under three exceptions not applicable to this case.  (§ 630.09, subds. (a), (d).)  To this effect, the parties entered into a consent order stipulating that they "waive all rights to appeal."  We requested supplemental briefing on the issue of whether the appeal should be dismissed for lack of jurisdiction.  We conclude plaintiff waived the right to appeal by executing the consent agreement and by participating in a voluntary expedited jury trial; accordingly, we dismiss the appeal.

BACKGROUND

On December 9, 2015, plaintiff brought this limited jurisdiction civil action against defendant alleging that defendant's negligence caused a motor vehicle collision, resulting in various forms of damages.  Defendant entered a general denial and asserted several affirmative defenses.  Prior to trial, defendant admitted liability but contested causation, along with the nature and extent of plaintiff's damages.

At a pretrial hearing on November 13, 2017, the trial court asked the parties, "I have before me what appears to be an expedited jury trial; is that correct?"  Defendant opined, "[m]y understanding was that we had no choice, your honor. . . . they told us that unless you have good cause for opting out of the expedited jury trial, all limited case juries -- jury trials are now going on a [expedited] basis."  The court responded: "I have read the rules.  And it appears that all parties need to sign the consent, as I emphasize, the consent for this expedited trial.  [¶]  Can

---

[1]Undesignated statutory references are to the Code of Civil Procedure.

2

I get that done by you all? I'd really appreciate it." Defendant agreed to do so, while plaintiff remained silent.

That same date, both parties and the trial court executed a consent order for a voluntary expedited jury trial on a Judicial Council Form EJT-020. Section four of the form provides: "Each party understands and agrees to the voluntary expedited jury trial procedures, as follows: [¶] a. That all parties **waive all rights to appeal**, . . . except as provided in . . . sections . . . 630.09." (Bold in original.)

The matter proceeded to a jury trial, wherein the jury found that defendant's negligence was a substantial factor in causing harm to plaintiff, and awarded $2,450 in past economic damages. The jury awarded nothing for future losses or noneconomic damages. The trial court entered judgment in accordance with the verdict.

Plaintiff subsequently brought a motion for a new trial arguing the damages award was inadequate as a matter of law. (§ 657, subd. (5).) The motion was premised on the grounds that the economic damages award did not adequately compensate plaintiff for her medical expenses, and the complete absence of noneconomic damages rendered the award inadequate as a matter of law. The trial court denied the motion following a hearing.[2] This timely appeal followed.[3]

DISCUSSION

<u>Background</u>

All parties agreeing to participate in the expedited jury trial proceedings and their counsel are required to sign a proposed consent order granting an expedited jury trial. (§ 630.03, subd. (a).) The register of actions and reporter's transcript reflect that the parties agreed to participate in the expedited jury trial process; however, the consent order was not included in the record on appeal. Accordingly, we gave the parties notice of our intent to take

---

[2]The record does not include the oral proceedings at the hearing on plaintiff's motion.

[3]The notice of appeal filed on March 28, 2018 identifies as the basis for the appeal both the judgment entered on October 18, 2017 and the subsequent order denying plaintiff's motion for a new trial. Liberally construed, the notice of appeal is from the March 22, 2018 order denying plaintiff's motion for a new trial. (Cal. Rules of Court, rule 8.821(a)(2).)

judicial notice of the November 13, 2017 consent order for a voluntary expedited jury trial, along with an opportunity to file a written response.[4] (Evid. Code, §§ 452, subd. (d), 459, subds. (a), (d).)

After taking judicial notice of the trial court file, we discovered a consent order confirming the parties waived "all rights to appeal." This order was signed by both parties and their counsel, along with the trial judge. We have a duty to raise issues concerning jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) We therefore provided the parties an opportunity to file supplemental letter briefs addressing whether the appeal should be dismissed for lack of jurisdiction.[5] (Gov. Code, § 68081; Super. Ct. L.A. County, Local Rules, rule 9.7(f).)

Plaintiff contends the parties and the trial court were not aware of the waiver of appellate rights attached to their participation in the voluntary expedited jury trial process. She further argues the appeal should proceed under the exception to nonappealability concerning juror misconduct. (§ 630.09, subd. (a)(2).)

Standard of Review

To the extent our analysis requires statutory interpretation, "'our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent.' [Citations.] . . . "'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .'" [Citations.]" (*Goldstein v. Ralphs Grocery Co.* (2004) 122 Cal.App.4th 229, 233.) We conduct a de novo review of the agreement to determine whether the parties waived their right to appeal. (*Ruiz v.*

---

[4]Plaintiff objected to the court taking judicial notice of the trial court file on the following grounds: First, the trial court file is not subject to judicial notice. Second, the judgment is appealable because "[t]he trial court did not treat Plaintiff's review right as limited." Third, the expedited jury trial was not voluntary. We find no merit to these claims and take judicial notice of the trial court file. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

[5]Plaintiff filed a supplemental letter brief on May 14, 2019 (after the deadline); nevertheless, we accepted it. Defendant did not file a supplemental letter brief.

*California State Automobile Assn. Inter-Insurance Bureau* (2013) 222 Cal.App.4th 596, 602 (*Ruiz*).)

Expedited Jury Trial Procedures

In 2010, the Legislature enacted the Expedited Jury Trials Act (EJTA). (Assem. Bill No. 2284 (2009-2010 Reg. Sess.).) Codified in section 630.01 et seq., the EJTA established procedures for conducting expedited jury trials in civil cases where the parties sign a consent order to stipulate that those procedures apply. The EJTA simplifies the jury trial process by limiting the number of jurors and peremptory challenges (§ 630.04), and giving each side up to five hours to complete voir dire and to present its case (§ 630.03, subd. (e)(2)(B)). The verdict following an expedited jury trial is binding (§ 630.07, subd. (a)), and the parties waive any motion for a new trial on the basis of inadequate damages (§ 630.08, subd. (a)).

Pertinent here, the EJTA provides: "By agreeing to participate in the expedited jury trial process, the parties agree to waive the right to bring post-trial motions or to appeal from the determination of the matter, except as provided in this section. The only grounds on which a party may move for a new trial or appeal are any of the following: [¶] (1) Judicial misconduct that materially affected the substantial rights of a party. [¶] (2) Misconduct of the jury. [¶] (3) Corruption, fraud, or other undue means employed in the proceedings of the court, jury, or adverse party that prevented a party from having a fair trial." (§ 630.09, subd. (a).) The statute later reiterates that "[p]arties to an expedited jury trial may not appeal on any other ground." (§ 630.09, subd. (d).)

In 2015, the Legislature amended the EJTA and enacted procedures for conducting mandatory expedited jury trials in certain limited civil cases.[6] (Assem. Bill No. 555 (2015-2016 Reg. Sess.).) Except under certain circumstances, a limited civil case shall be conducted as a mandatory expedited jury trial.[7] (§ 630.20, subd. (a).) Unlike a voluntary

---

[6]The amendments to the EJTA include deleting the repeal date and other minor changes that are not pertinent here.

[7]These circumstances include any of the following:
"(1) Punitive damages are sought.

expedited jury trial, a judgment in a limited civil case conducted as a mandatory expedited jury trial *is* appealable. (§ 630.20, subd. (d).)

The record does not reflect, and plaintiff does not argue, that this case was subject to a mandatory expedited jury trial under the parameters set forth in section 630.20. In the absence of any evidence that the matter proceeded under the mandatory expedited jury trial provisions, and in light of the consent order, we must presume the parties voluntarily participated in the voluntary expedited jury trial process. (See *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913 [absent contrary evidence, we presume the court properly followed established law].)

Legal Principles Governing Appealability and Waiver of the Right to Appeal

Our Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*Hernandez v. Restoration Hardware, Inc*. (2018) 4 Cal.5th 260, 267; *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108-109.) Thus, the Legislature may restrict, alter or even abolish the right to appeal. (*Melinda K. v. Superior Court* (2004) 116 Cal.App.4th 1147, 1152.) The Legislature's intent to abrogate the statutory right to appeal must be clearly stated. (*In re S.B*. (2009) 46 Cal.4th 529, 537.)

Standing to appeal in limited civil cases is conferred by section 904.2 which provides, in part, that an appeal may be taken from a final judgment or an order made after an appealable judgment. (§ 904.2, subds. (a), (b).) However, parties who elect to participate in the voluntary expedited jury trial process "agree to waive the right to . . . appeal from the determination of the matter" except as otherwise provided. (§ 630.09, subd. (a).) Where, as here, "the language of a

---

(2) Damages in excess of insurance policy limits are sought.
(3) A party's insurer is providing a legal defense subject to a reservation of rights.
(4) The case involves a claim reportable to a governmental entity.
(5) The case involves a claim of moral turpitude that may affect an individual's professional licensing.
(6) The case involves claims of intentional conduct.
(7) The case has been reclassified as unlimited pursuant to Section 403.020.
(8) The complaint contains a demand for attorney's fees, . . .
(9) The judge finds good cause exists for the action not to proceed under the rules of this chapter. . . ." (§ 630.20, subd. (b).)

6

statute is clear, there is no room for interpretation." (*Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1562.)

Express statutory limitations on the right to appeal have been repeatedly enforced by various appellate courts. (E.g., *Dorsey v. Superior Court* (2015) 241 Cal.App.4th 583, 591 [small claims judgment is "'final and not appealable'"]; *ERA-Trotter Girouard Assn. v. Superior Court* (1996) 50 Cal.App.4th 1851, 1855 [same]; *Chango Coffee, Inc. v. Applied Underwriters, Inc*. (2017) 11 Cal.App.5th 1247, 1253 [order denying renewed motion for reconsideration "is not separately appealable"]; *Young v. Tri-City Healthcare Dist*. (2012) 210 Cal.App.4th 35, 51 [order denying motion for reconsideration "is not separately appealable"]; *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1681 [judgments of civil contempt "are not appealable"].) The language of section 630.09 is similarly clear.

Further, the legislative history of the EJTA confirms the Legislature's intent that "[t]his bill would also provide that all parties waive all rights to appeal . . . except as provided." (Assem. Bill No. 2284 (2009-2010 Reg. Sess.).) In enacting the bill, the Legislature adopted this purpose, which thus became the legislative intent. (*Rao v. Campo*, *supra*, 233 Cal.App.3d at p. 1563.) For these reasons, we conclude section 630.09 simply and clearly prohibits review by an appellate court following an agreement to participate in the voluntary expedited jury trial process.

Plaintiff's Waiver Was Voluntary

Plaintiff argues her participation in the expedited jury trial process was not knowing and, as a result, she did not voluntarily waive the right to appeal. We disagree.

Case law establishes that the parties to an action can agree to waive their right to appeal. (*Guseinov v. Burns* (2006) 145 Cal.App.4th 944, 952; *Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 504.) A party's waiver of appellate rights is subject to three conditions: (1) counsel must have the authority to waive the party's rights, (2) the waiver must be express, and (3) the waiver must not have been improperly coerced by the trial judge. (*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc*. (1985) 176 Cal.App.3d 480, 488

(*McConnell*).) Any doubt will be resolved against a waiver of the right to appeal. (*Guseinov v. Burns*, *supra*, at p. 953.)

*Plaintiff's Waiver Was Clear and Express*

If the parties want to waive the right to appeal, "they must say so explicitly and unambiguously; they cannot leave their intent to be inferred from the language of the agreement." (*Ruiz*, *supra*, 222 Cal.App.4th at p. 605; accord, *Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1322.) That is precisely what the parties did in this case.

The consent order states that all parties "waive all rights to appeal" except as provided in section 630.09. The order was signed by both parties, their counsel, and the trial court. The broad and absolute language in the order left no doubt as to the party's intent to waive any right to appeal. (See, e.g., *City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 604 [agreement waiving right to appeal "as to any and all claims and issues" is broad and absolute], italics omitted; *Pratt v. Gursey, Schneider & Co.* (2000) 80 Cal.App.4th 1105, 1108-1110 [agreement waiving the "'right to appeal from the arbitrator's award or any judgment thereby entered'" sufficient to constitute an express waiver]; but see *Guseinov v. Burns*, *supra*, 145 Cal.App.4th at pp. 953-954 [clause stating "[t]he Parties waive any right to appeal the arbitral award" while retaining the right to seek judicial enforcement of the award was insufficiently clear and express].)

*The Waiver Was Not Coerced*

Plaintiff argues that her waiver was not "knowing" because the EJTA was "relatively new" at the time, and her participation was not presented as a choice. As to the first argument, we are unaware of any authority for the proposition that parties are not bound by new laws. In any event, the voluntary expedited jury trial process was not that new. The EJTA had been in effect since January 2011, and the mandatory expedited jury trial procedures had been in effect for more than one year and four months at the time the parties executed the consent order.

It appears plaintiff's latter contention is that her consent to the expedited jury trial proceedings was coerced. The record does not support plaintiff's position. At the November 13, 2017 pretrial hearing, the court emphasized that the expedited jury trial was

8

consensual and asked the parties to sign the proposed consent order. Plaintiff did not voice any objection or request additional time to research the issue at the hearing.

There can be no doubt that plaintiff was on notice of the voluntary nature of the expedited jury trial proceedings once she was presented with the proposed consent order. The preamble of the order states that "[t]he parties to the action, each of whom has the authority to *consent* to an expedited jury trial (EJT), are . . . ." (Italics added.) Directly above the parties' signature lines is the following clause in boldface font: "I hereby *consent* to the *voluntary* expedited jury trial procedures for this case as stated in these documents." (Italics added, bold omitted.) The proposed order includes the word "voluntary" no fewer than five times.

In *Wuest v. Wuest* (1942) 53 Cal.App.2d 339 (*Wuest*), the trial judge threatened to withhold a divorce decree to which the plaintiff was otherwise entitled unless she stipulated to disposing of the community property in a certain manner and waiving findings of fact so that no appeal could be taken. (*Id*. at p. 344.) The appellate court reversed, finding the trial judge had no right to coerce the parties into waiving the "sacred and inviolable" right to appeal. (*Id*. at pp. 344-345.)

Contrarily in *McConnell*, the parties agreed to a compromise such that the trial court be given the absolute discretion to determine the amount of claims to be paid to class claimants and the amount of the fund to be returned to the defendant. (*McConnell*, *supra*, 176 Cal.App.3d at p. 488.) The parties also waived their right to appeal this exercise of discretion. (*Ibid*.) Contrasting *Wuest*, the Court of Appeal rejected the argument that the trial court improperly coerced the parties into waiving their appellate rights, noting that if defendant was not satisfied with the arrangement, it should have noticed a formal hearing. (*Id*. at pp. 488-489.)

Similar to *McConnell*, both parties in this case clearly relinquished their right to appeal, and plaintiff did not move to extinguish the consent order, as was her right. (§ 630.03, subd. (b)(2) [party may seek to terminate the voluntary expedited jury trial proceedings by noticed motion, upon a showing of good cause].) Although plaintiff now argues that she was not aware it was a choice, there is no evidence in the record in support of this assertion.

9

Plaintiff's undisclosed understanding of the expedited jury trial procedures is irrelevant to determining whether she agreed to waive the right to appeal. (See *Ruiz*, *supra*, 222 Cal.App.4th at p. 602 ["'undisclosed intent or understanding is irrelevant to contract interpretation'"].) If plaintiff was not amenable to the contents of the proposed consent order, then she was obligated to voice her objection or refuse to sign it. On these facts, plaintiff voluntarily waived her right to appeal the judgment.[8]

Plaintiff's Claims Do Not Fall Within the Statutory Exceptions

As stated, section 630.09 spells out the following exceptions to the prohibition of the right to appeal: (1) judicial misconduct; (2) "Misconduct of the jury"; and (3) corruption, fraud, or other undue means employed in the proceedings. (§ 630.09, subd. (a).) Plaintiff did not claim error on these grounds. In her supplemental brief regarding jurisdiction, however, plaintiff now asserts the jury committed misconduct by declining to award noneconomic damages. We are not persuaded.

Section 630.09 does not define the phrase "[m]isconduct of the jury" (§ 630.09, subd. (a)(2)), but the exact phrase is used in section 657, subdivision (2)—the statute governing motions for a new trial. Subdivision (2) of section 657 allows the trial court to vacate a jury verdict and order a new trial based upon "[m]isconduct of the jury . . . ." It is a well-established rule of statutory construction that the same phrases used in related statutes should be given like meanings. (*Neville v. County of Sonoma* (2012) 206 Cal.App.4th 61, 76.)

---

[8]Plaintiff additionally argues that if the parties were aware of the waiver, then (1) defendant would not have paid for a court reporter, (2) defendant would have opposed plaintiff's motion for a new trial on jurisdictional grounds, and (3) the trial court would not have addressed the merits of plaintiff's new trial motion. These are not viable arguments. The first argument is speculative as to defendant's intent and ignores the fact that there are three enumerated grounds permitting an appeal following a voluntary expedited jury trial. (§ 630.09, subd. (a).) Second, that defendant did not include jurisdictional grounds in his opposition to plaintiff's motion for a new trial has no bearing on our duty to dismiss the appeal following a valid waiver. (See *City of Gardena v. Rikuo Corp.*, *supra*, 192 Cal.App.4th at p. 605 [parties cannot create appellate jurisdiction where none otherwise exists].) Third, we are not bound by the trial court's rationale for denying plaintiff's motion for a new trial and, in any event, the record does not include a record of the court's rationale. (See *Ryder v. Lightstorm Entertainment, Inc.* (2016) 246 Cal.App.4th 1064, 1072 [reviewing court not bound by trial court's reasoning].)

Case law interpreting section 657 dictates that a jury verdict can be impeached on the ground of juror misconduct only if said misconduct is "objective and verifiable." (*Ford v. Bennacka* (1990) 226 Cal.App.3d 330, 335-336.) Specifically, the evidence must "describe overt acts, statements, or conduct showing the jury intentionally agreed to disregard applicable law and apply inapplicable law. [Citation.]" (*Id.* at p. 336; accord, *Gorman v. Leftwich* (1990) 218 Cal.App.3d 141, 146 ["It is when jurors affirmatively agree to disregard instruction that misconduct occurs"].) Plaintiff makes no such claim here, and the unsupported factual assertions in her supplemental brief are not "objective and verifiable."

We further note that subdivision (a) of section 630.08 expressly prohibits a new trial motion on the basis of inadequate damages. Thus, any challenge to the amount of the award necessarily falls outside the scope of juror misconduct in section 630.09. For these reasons, we conclude plaintiff waived her right to appeal.

DISPOSITION

The appeal is dismissed. Defendant is awarded costs on appeal. (Cal. Rules of Court, rule 8.891(a)(2).)

_____
P. McKay, P. J.

We concur:

_____                    _____
Kumar, J.                                             Richardson, J.

11