(1) Defendant, Ralphs Grocery Company, purports to appeal from the denial of its special motion to strike the complaints of various plaintiffs in a class action. The special motion to strike was denied *Page 231 
pursuant to both Code of Civil Procedure sections 425.16 and425.17.[1] Plaintiffs have moved to dismiss the appeal based on the language in section 425.17, subdivision (e). We agree with plaintiffs that section 425.17, subdivision (e) prevents an immediate appeal by defendant prior to the entry of an otherwise appealable judgment and grant the dismissal motion.
(2) Defendant filed a special motion to strike various complaints filed in this class action. The special motion to strike was denied. The trial court's 17-page order denied the motion on two grounds. First, the trial court ruled that defendant had failed to prove that its alleged misconduct, misrepresentations made to consumers, arose from the exercise of its rights of petition or free speech. The moving defendant's initial burden is to demonstrate that the challenged cause of action arose from the exercise of the right to free expression or petition. (§ 425.16, subd. (b);[2] Navellier v. Sletten
(2002) 29 Cal.4th 82, 89 [124 Cal.Rptr.2d 530, 52 P.3d 703];City of Cotati v. Cashman (2002) 29 Cal.4th 69, 76-77
[124 Cal.Rptr.2d 519, 52 P.3d 695].) The trial court ruled that the causes of action in the various complaints did not arise from the exercise of those rights. Second, the trial court also ruled the present litigation is a class action which is exempt pursuant to section 425.17, subdivision (b)(1)[3] from the special motion to strike procedure. In response to the order denying the special motion to strike, defendant filed a writ petition challenging the order. We summarily denied the writ petition. (Ralphs Grocery Company v. Superior Court (Aug. 17, 2004, B176858) [nonpub. order].) Additionally, defendant filed a notice of appeal. Plaintiffs moved to dismiss the appeal and we allowed the parties to orally argue the issue.
Originally added in 1999, subdivision (j) of section 425.16 states, "An order granting or denying a special motion to strike shall be appealable under Section 904.1." (Stats. 1999, ch. 960, § 1.) Further enacted in 1998, section 904.1, subdivision (a)(13) states in pertinent part: "(a) An appeal . . . may be *Page 232 
taken from any of the following: [¶] . . . [¶] (13) From an order granting or denying a special motion to strike under Section 425.16." (Stats. 1998, ch. 931, § 100.) In 2003, section 425.17 was enacted in response to what the Legislature found was an abuse of the special motion to strike procedure. (§ 425.17, subd. (a) ["The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16"]; Scott v. Metabolife Internat., Inc. (2004)115 Cal.App.4th 404, 423, fn. 7 [9 Cal.Rptr.3d 242]; see Jewett v.Capital One Bank (2003) 113 Cal.App.4th 805, 815, fn. 5 [6 Cal.Rptr.3d 675].)
Enacted as part of the 2003 legislation, section 425.17, subdivision (e) states, "If any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt pursuant to this section, the appeal provisions in subdivision (j) of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 do not apply to that action or cause of action." The Legislative Counsel's Digest of Senate Bill No. 515 which enacted section 425.17 indicates the Legislature intended the immediate appeal provisions of sections 425.16, subdivision (j) and 904.1, subdivision (a)(13) be inapplicable when a cause of action fell within the exemptions in section 425.17, subdivision (b) or (c): "This bill would provide that certain actions are not subject to a special motion to strike, as specified, including, but not limited to, any action brought solely in the public interest or on behalf of the general public, if specified conditions exist. The bill would further provide that related appeal provisions are not applicable to these actions." (Legis. Counsel's Dig., Sen. Bill No. 515 (2003-2004 Reg. Sess.).) The Legislative Counsel's Digest discussion of the effect of section 425.17, subdivision (e) is consistent with that appearing in legislative committee reports. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 515 (2003-2004 Reg. Sess.) p. 1 ["This bill [provides] [that] if the trial court denies a SLAPP motion because of the new exemptions, the . . . right to an immediate appeal provisions of the anti-SLAPP law do not apply"]; Sen. Rules Com., Office of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 515 (2003-2004 Reg. Sess.) May 12, 2003, p. 1 [same]; Assem. Com. on Judiciary, Rep. on Sen. Bill No. 515 (2003-2004 Reg. Sess.) pp. 3-4 ["Provides that whenever a trial court denies a special motion to strike on the grounds that the cause of action is exempt pursuant to the foregoing exemptions and their exceptions, the otherwise applicable immediate appeal provisions of the anti-SLAPP statute shall not apply to the action or cause of action that is the basis of the exemption"].)
(3) Subject to constitutional restrictions not applicable here, the right to appeal is statutory and subject to legislative control. (See Leone v. Medical Board (2000) 22 Cal.4th 660, 668
[94 Cal.Rptr.2d 61, 995 P.2d 191]; Skaff v. *Page 233 Small Claims Court (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65,435 P.2d 825].) Hence, the issue before us is one of statutory interpretation. We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (Freedom Newspapers, Inc. v.Orange County Employees Retirement System (1993) 6 Cal.4th 821,826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; People v. Jones (1993)5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a "commonsense" meaning when it noted: "`Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (Mercer v. Department of MotorVehicles (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745,809 P.2d 404]; Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735
[248 Cal.Rptr. 115, 755 P.2d 299].)' (People v. Valladoli (1996)13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].)" (California Teachers Assn. v. Governing Bd. of Rialto UnifiedSchool Dist. (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671,927 P.2d 1175].) Further, our Supreme Court has noted, "`If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute). . . .'" (Delaney v. Superior Court (1990) 50 Cal.3d 785, 798
[268 Cal.Rptr. 753, 789 P.2d 934]; accord People v. Talibdeen (2002)27 Cal.4th 1151, 1154 [119 Cal.Rptr.2d 922, 46 P.3d 388].)
(4) The language at issue is clear. When a special motion to strike is denied on the grounds the cause of action is exempt from such a procedure pursuant to section 425.17, subdivision (b) or (c), then the immediate appeal right in sections 425.16, subdivision (j) and 904.1, subdivision (a)(13) is inapplicable. Even if there is sufficient ambiguity in section 425.17, subdivision (e) to permit resort to external resources, the legislative committee reports and the Legislative Counsel's Digest make it clear that once the challenged cause of action is subject to one of the exemptions in section 425.17, subdivision (b) or (c), the immediate appeal right no longer exists.
Three additional points warrant brief comment. The parties do not dispute that section 425.17, subdivision (e) can apply even though this class action was commenced prior to January 1, 2004, the effective date of the 2003 amendments. (Physicians CommitteeFor Responsible Medicine v. Tyson Foods, Inc. (2004)119 Cal.App.4th 120, 125-131 [13 Cal.Rptr.3d 926]; Brenton v.Metabolife Internat., Inc. (2004) 116 Cal.App.4th 679, 690
[10 Cal.Rptr.3d 702].) Further, nothing we have said prevents a defendant dissatisfied with a ruling that a special motion to strike must be denied pursuant to section 425.17, subdivision (b) or (c) from seeking immediate *Page 234 
writ review as occurred here. Finally, we do not address the issue of harmless error in the context of an appeal from a final judgment when the defendant seeks to challenge the pretrial denial of a special motion to strike. (§ 906; see Waller v. TJD,Inc. (1993) 12 Cal.App.4th 830, 833 [16 Cal.Rptr.2d 38] [pretrial summary judgment denial subject to Cal. Const., art. VI, § 13 harmless error provisions].)
The appeal is dismissed. Plaintiffs are to recover their costs incurred on appeal from defendant, Ralphs Grocery Company.
Grignon, J., and Mosk, J., concurred.
A petition for a rehearing was denied September 30, 2004, and appellant's petition for review by the Supreme Court was denied December 22, 2004. George, C.J., did not participate therein.
[1] Unless otherwise noted, all future statutory references are to the Code of Civil Procedure.
[2] Section 425.16, subdivision (b)(1) states, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."
[3] Section 425.17, subdivision (b) states: "(b) Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist: [¶] (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision. [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." *Page 235