Filed 8/27/19

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| ALPHONSO BENTON et al., | |
| Plaintiffs and Respondents, | E068870 |
| v. | (Super.Ct.No. CIVDS1502743) |
| CYNTHIA MORENO BENTON et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Dismissed.

Pitre & Teunisse and Patricia A. Teunisse for Defendants and Appellants.

Brown White & Osborn and Kenneth P. White for Plaintiffs and Respondents.

The trial court denied the defendants' anti-SLAPP motion for two reasons, one of which was that the commercial speech exemption found in Code of Civil Procedure section 425.17 applies to the conduct underlying the operative complaint.  Although most trial court orders resolving an anti-SLAPP motion are subject to interlocutory appeal, the Legislature has precluded interlocutory appellate jurisdiction over an appeal from an

1

order denying an anti-SLAPP motion on the ground that the commercial speech exemption applies. We therefore dismiss this appeal.

I.

FACTS

According to the operative Third Amended Complaint, plaintiff Alphonso Benton (Benton) and defendant Cynthia Moreno Benton (Moreno-Benton) were married and shared a Chino Hills dental practice through late 2014, when they divorced. Benton continues to work at that practice, plaintiff Compcare Medical, Inc. (Compcare). Moreno-Benton, however, opened a separate practice by forming defendant Moreno Family Medical and Associates, Inc. (Moreno Family) around the time of her departure from Compcare. Defendant Kristi Diehl was a physician's assistant at Compcare who left with Moreno-Benton for the rival practice.

Benton and Compcare allege that defendants Moreno-Benton, Diehl, and Moreno Family (collectively, "defendants") misappropriated trade secrets, intentionally interfered with the plaintiffs' prospective economic advantage, defamed plaintiffs, and engaged in unfair competition. The plaintiffs also allege that Moreno-Benton violated the fiduciary duties she owed to Compcare, and that Diehl violated the duty of loyalty she owed to that company.

Defendants responded to the operative complaint with a motion to strike pursuant to Code of Civil Procedure section 425.16, the provision known as the anti-SLAPP statute because it was designed to address so-called strategic lawsuits against public

2

participation. (Further statutory references are to the Code of Civil Procedure.) The motion alleged that plaintiffs' lawsuit arises out of two types of activity protected by the anti-SLAPP statute: (1) notices to patients and others that Moreno-Benton was leaving Compcare to start a new practice, as well as advertising Moreno-Benton's services, and (2) the filing of the petition for the divorce of Moreno-Benton and Benton. Plaintiffs opposed the motion, arguing that the causes of action did not arise from protected activity, and that they could in any event demonstrate that their lawsuit had a probability of success on the merits.

At the first hearing on the motion, the trial court raised the section 425.17 commercial speech exemption and continued the hearing for supplemental briefing on that provision.

Prior to the continued hearing, the trial court issued a tentative ruling denying the motion on its merits, stating as follows: "The motion is denied. The speech constituting the gravamen of the action is not protected under California Code of Civil Procedure § 425.16, and the commercial speech exemption under § 425.17 applies." (Italics omitted.) At the hearing, as to whether the activity was protected under section 425.16, the trial court indicated that it believed that the causes of action arose out of business conduct that did not have "anything to do with the divorce." The court also stated that even if defendants proved the claims arose from protected activity, "I would find that the Plaintiffs have a probability of success, so . . . your clients would still lose the motion." When the parties argued the commercial speech exemption, the court stated that the

3

allegations were "clearly about the business and stealing the business and stealing . . . alleged confidential information and trade secrets." The court stated that it was adopting the tentative ruling.

Following the hearing, plaintiffs gave notice of the trial court's adoption of its tentative ruling. The minute order issued following the hearing used nearly identical language to the tentative ruling, stating that the gravamen of the action is not protected conduct under section 425.16 "and the commercial speech exemption under section 425.17 applies."

## II.

## DISCUSSION

A trial court's order is appealable when made so by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) In civil matters, section 904.1 is the main statute that identifies appealable judgments and orders. Under that statute, final judgments are appealable. (§ 904.1, subd. (a)(1).) Interlocutory orders generally are not. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754 ["The right to appeal in California is generally governed by the 'one final judgment' rule, under which most interlocutory orders are not appealable."].)

An appeal from an order granting or denying an anti-SLAPP motion is an exception to the nonappealability of interlocutory orders. (§§ 904.1, subd. (a)(13), 425.16, subd. (i).) Such orders generally are appealable immediately, rather than as part of an appeal from a final judgment.

However, in 2003 the Legislature enacted section 425.17, which "categorically exempts certain expressive actions from the scope" of anti-SLAPP protection (*FilmOn.com Inc. v. Double Verify Inc.* (2019) 7 Cal.5th 133, 147) and makes immediate appeal of an order applying the exemption unavailable. The exempted speech has been referred to as "comparative advertising." (*Ibid.*). The exemption applies where a speaker who is part of a business makes factual representations to potential customers about the business or a competitor's business, for the purpose of gaining sales.[1]

Our Supreme Court has stated, "[i]n creating this exemption, the Legislature expressly made the denial of an anti-SLAPP motion based on the section 425.17 exemption not appealable." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 195 (*Varian*).) The Legislature did so through section 425.17, subdivision (e),

---

[1] The full test for the applicability of the commercial speech exemption is stated in more detail in section 425.17, subdivision (c): "Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

(1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

(2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation, except where the statement or conduct was made by a telephone corporation in the course of a proceeding before the California Public Utilities Commission and is the subject of a lawsuit brought by a competitor, notwithstanding that the conduct or statement concerns an important public issue."

5

which states: "If any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt pursuant to this section, the appeal provisions in subdivision (i) of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 do not apply . . . ." (§ 425.17, subd. (e).) This decision to preclude interlocutory appellate jurisdiction for one category of anti-SLAPP rulings was within the Legislature's authority. (*In re Taya C.* (1991) 2 Cal.App.4th 1, 7 ["Because the Legislature has complete control over the right to appeal, it can restrict, change, withhold or even abolish that right."].)

The trial court here expressly denied defendants' anti-SLAPP ruling on the ground that "the commercial speech exemption under § 425.17 applies." We therefore need look no further to determine that we lack appellate jurisdiction over this appeal, and we must dismiss it.

The parties filed their appellate briefs in this case upon the assumption that we had jurisdiction. Because we appeared to lack jurisdiction due to the section 425.17 ruling, we requested and obtained supplemental letter briefs from the parties, who also addressed our jurisdiction at oral argument.

Defendants make three arguments concerning jurisdiction, none of which persuades us that we can or should assume jurisdiction over the appeal.

First, defendants argue that the case law does not squarely hold that we lack jurisdiction here. It is true that our Supreme Court's discussion of the nonappealability of section 425.17 denials in *Varian* came in the course of deciding a different issue and was

6

not the Court's holding.  But *Varian* nevertheless guides us, as "we will not reject dicta of the Supreme Court without a compelling reason."  (*Howard Jarvis Taxpayers Assn. v. City of Fresno* (2005) 127 Cal.App.4th 914, 925.)  Moreover, in *Goldstein v. Ralphs Grocery Co.* (2004) 122 Cal.App.4th 229, 230-231 (*Goldstein*), the Court of Appeal squarely held that it was without jurisdiction to entertain an interlocutory appeal from a denial of an anti-SLAPP motion that was based on section 425.17.

Indeed, *Goldstein* correctly held that our court lacks jurisdiction even where the trial court not only denied the anti-SLAPP motion under section 425.17 but *also* denied the motion on the ground—which otherwise would create an appealable order—that the defendants' conduct was not covered by the primary anti-SLAPP provisions in section 425.16.  (*Goldstein*, *supra*, 122 Cal.App.4th at p. 231.)  The Legislature precluded interlocutory jurisdiction over an order denying an anti-SLAPP motion under section 425.17 by stating that the interlocutory appeal provisions "do not apply to *that action or cause of action*."  (§ 425.17, subd. (e), italics added.)  A section 425.17 denial on a claim eliminates the right to an interlocutory anti-SLAPP appeal as to that claim.[2]  As *Goldstein*, *supra*, at page 233, stated, a section 425.17 denial means that "the immediate appeal right no longer exists."  Moreover, a reading allowing us to address only the

---

[2]  If a section 425.17 denial applied to only some of the claims in a lawsuit, an anti-SLAPP ruling may be immediately appealable as to the other claims.  (Cf. *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 [anti-SLAPP movant may parse complaint allegation by allegation].)  Here, the trial court denied the motion under section 425.17 as to all claims.

portion of the trial court's ruling denying the motion under section 425.16 would not make sense. Then, we would adjudicate the merits of defendants' claim that the conduct here arose from protected activity, even though a ruling for defendants would have no immediate effect, as the case would proceed in the trial court due to the court's finding (not now appealable) that the same conduct was exempt under section 425.17.

For these reasons, even putting aside the case law, section 425.17, subdivision (e) precludes jurisdiction over an interlocutory appeal from a section 425.17 denial. The primary import of the case law is simply that it confirms our reading of the unambiguous statutory language. (See *Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 1001 [recognizing that § 425.17, subdivision (e) expressly states that if a motion is denied based on section 425.17, the anti-SLAPP appellate provisions do not apply]; *All One God Faith, Inc. v. Organic & Sustainable Industry Standards, Inc.* (2010) 183 Cal.App.4th 1186, 1197 [stating that if the trial court based its denial of the anti-SLAPP motion on § 425.17, the order was not appealable]; *Doe v. Luster* (2006) 145 Cal.App.4th 139, 145 [recognizing that an immediate appeal is not available from a denial pursuant to § 425.17].) The case law confirms that the Legislature precluded immediate appellate jurisdiction where a trial court denied an anti-SLAPP motion due to the commercial speech exemption.

Defendants' second argument suggests that we assume jurisdiction because the trial court's ruling is unclear as to which speech is covered by section 425.17. Defendants state that while some speech at issue is a letter soliciting business for

Moreno-Benton's company, the case also involves "speech activities on Yelp of a customer complaining about her doctor." That customer speech, defendants argue, is not covered by section 425.17 and is the gravamen of the defamation cause of action. We conclude, however, that where the trial court has denied an anti-SLAPP motion pursuant to the commercial speech exemption in section 425.17, we are not to look at the merits of that denial to determine whether we have jurisdiction. Section 425.17, subdivision (e) precludes anti-SLAPP jurisdiction because the motion was denied on that basis, not because of the merits of that denial. We note, in any event, that it is not readily clear that even the defamation allegation falls outside the terms of the commercial speech exemption. Plaintiffs' theory is that Moreno-Benton caused the Yelp statements to be posted, and the statements arguably could have the purpose of gaining customers for Moreno-Benton at the expense of her former partner.

Finally, defendants request that we exercise our discretion to treat this appeal as a writ proceeding. While we have such discretion, we will not exercise it here, as we do not see sufficient reason to do so. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [appellate court should treat purported appeal as petition for writ of mandate only in "unusual circumstances"].) "The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455-1456.) Defendants have an adequate appellate remedy by an appeal from the final judgment here. Additionally, the case is not yet at the summary

9

judgment stage, and there may be later opportunities for the parties to seek writ relief on a more developed record.  (See § 437c, subd. (m)(1).)

## III.

## DISPOSITION

The appeal is dismissed.  The parties are to bear their own costs.

CERTIFIED FOR PUBLICATION


                                                RAPHAEL

                                                    J.

We concur:


RAMIREZ

                P. J.

MENETREZ

                J.