Filed 6/26/23  Sohn v. Oriental Mission Church CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CARL JAMES SOHN, | B315150 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC617429) |
| v. | |
| ORIENTAL MISSION CHURCH et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Carl J. Sohn, in pro. per., for Plaintiff and Appellant.

The Morrison Law Group and Edward F. Morrison, for Defendants and Respondents Oriental Mission Church and Hyung Jim Bob Park.

Law Offices of Alex Cha & Associates and Alex Cha, for Defendants and Respondents Hong In Chai, Kwang Suk An,

James Park, Young Se Lee, Young Song Lee, Soo Nam Choi, Chang Woong Um, and Seoung Lae Lee.

─────────────────────

Carl James Sohn brought an action against Oriental Mission Church (Church), its pastor Hyung Jim Bob Park (Pastor Park), and various Church elders (Elder defendants),[1] alleging that they failed to pay him for his legal services to the Church. Sohn's causes of actions were all resolved against him, and the trial court entered judgment in favor of all defendants.

On appeal, Sohn claims the trial court erred in various respects. We conclude that Sohn has waived or forfeited several of his arguments. Regarding the arguments we reach on the merits, we reject them. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The complaint

In an earlier appeal from an order sustaining a demurrer without leave to amend, we summarized Sohn's complaint as follows:

"On April 19, 2016, Sohn, doing business as Law Offices of Carl James Sohn, filed suit against various defendants, including

─────────────────────

[1]     In addition to Pastor Park, the original complaint named fourteen individual defendants, all described as current and former Church elders. Although the reason is unclear from the record, some of these individual defendants were no longer in the action during the proceedings at issue here. The Elder defendants who remained defendants during the proceedings at issue here filed a joinder in the appellate brief of the Church and Pastor Park.

2

the Church and [its senior pastor, Hyung Jim Bob] Park, for (1) breach of written contract, (2) breach of oral contract, (3) negligent misrepresentation, (4) breach of the implied covenant of good faith and fair dealing, and (5) quantum meruit. In the action, Sohn sought to recover $768,358.95 for legal services rendered. A copy of the operative February 2011 retainer agreement, which superseded a prior retainer agreement, was appended to the complaint as an exhibit. Sohn's complaint detailed the extensive work he had done on Defendants' behalf. Sohn alleged in relevant part:

"The Church is a nonprofit religious corporation. Its governing body is the Church Session (Session), which is also its board of directors. On November 5, 2006, Reverend Choon Min Kang (Kang), then senior pastor, dissolved the Session and established a 'steering committee/operations committee' to govern the Church. On January 5, 2007, the elders who had been ousted from the Session requested that Sohn represent them; they further asked that he wait to be paid until they could access the Church's funds. Sohn agreed, on the condition that they pay his out-of-pocket expenses and make monthly payments of $3,000.

"On February 15, 2007, Sohn filed suit in the superior court on behalf of the nine ousted elders. The matter proceeded to trial, and on July 17, 2009, the trial court entered a judgment for the elders and restored the Session, finding it was dissolved improperly and that it was the governing body of the Church.

"On April 6, 2007, Sohn filed another lawsuit at the request of the ousted elders, which alleged that Kang had purchased real property for the Church without the consent of the Session.

"On November 8, 2009, Kang resigned and the ousted elders became the recognized governing body of the Church.

3

After the ousted elders regained control of the Church, Sohn requested payment of his attorney fees. He was told that there was continuing litigation over control of Church property, and that he would be paid when the lawsuits were resolved.

"At the Session's request, Sohn filed another lawsuit on April 14, 2010, which sought declaratory relief to determine the rightful members of the Session, as well as a permanent injunction.

"In January 2011, the Session asked Sohn to substitute in on two cases being defended by another attorney. Sohn did so, the cases proceeded to trial, and the Church prevailed in both cases.

"On January 6, 2011, an employee sued the Church for overtime and related violations, seeking $250,000. The Session again asked Sohn to represent it, and he achieved a settlement in the summer of 2012 for $30,000.

"In July 2011, the Session asked Sohn to represent it in another labor dispute. Trial in that case was continued to enable the parties to engage in settlement negotiations.

"On July 13, 2011, a church member, Kwi Dong Cha, filed suit against the Church and Park, its senior pastor. Sohn represented the Church and Park in that suit at their request. Sohn ultimately obtained a dismissal of that action.

"On September 8, 2011, Sohn sent a letter informing the Session that he was withdrawing from representing the Church due to nonpayment of his fees. (A copy of the withdrawal letter was appended to the complaint as an exhibit.) Following the withdrawal letter, in late September 2011, Sohn was asked by Session elders to continue representing the Church in numerous pending cases, and Sohn agreed, on condition that the Church

4

make periodic payments to him.  Sohn continued to render legal services to Defendants until November 1, 2012.

"Sohn pled that as of the time he filed the present action, Defendants owed him $768,358.95, plus accrued interest, for legal services he rendered between 2007 and 2012."  (*Sohn v. Oriental Mission Church, et al.* (Mar. 19, 2018, B279950) [nonpub. opn.].)

## II.    The demurrers

The Church and Pastor Park demurred to the complaint on various grounds, including that all the causes of action were barred by the applicable statutes of limitations.  The trial court sustained the demurrer on statutes of limitations grounds and dismissed the complaint without leave to amend, but in March 2018 we reversed the dismissal.  (*Sohn v. Oriental Mission Church*, *supra*, B279950.)

On remand, the trial court addressed the remaining grounds in the demurrer of the Church and Pastor Park.  In December 2018, the trial court sustained their demurrer to the negligent misrepresentation cause of action with leave to amend and sustained their demurrer to the breach of implied covenant of good faith and fair dealing cause of action without leave to amend.  Sohn did not file an amended complaint.  The Church and Pastor Park thereafter filed an answer generally denying the complaint's allegations.

The Elder defendants also demurred to the complaint.  In August 2019, the trial court sustained their demurrer to the negligent misrepresentation cause of action with leave to amend and sustained their demurrer to the breach of implied covenant of good faith and fair dealing cause of action without leave to

amend. Again, Sohn did not file an amended complaint. The Elder defendants' answer is not in the record.

Following the trial court's orders sustaining the demurrers, the causes of action remaining were those for breach of written contract, breach of oral contract, and quantum meruit.

## III. Trial

A jury trial was held from July 12 to July 20, 2021. Sohn represented himself at trial.

Although Sohn included the reporter's transcripts from the trial in his record on appeal, his opening brief fails whatsoever to cite to the record of the testimony he presented at trial and cites only two pages of trial testimony presented by the defendants. The few other citations in his brief to the reporter's transcript from the trial concern colloquies between counsel and the trial court.

Notwithstanding the lack of record citations in Sohn's opening brief, it is evident from the parties' briefs on appeal that one of the issues at trial was Sohn's failure to provide a copy of his retainer agreements[2] to his clients translated into Korean. Sohn negotiated his retainer agreements with the Elder defendants (or some subgroup of them) in both Korean and English but did not provide them with the agreements translated into Korean. A defense expert, Michael LeBoff, testified that

---

[2]     There were apparently two retainer agreements at issue in the case—a 2007 retainer agreement, which Sohn lost, and a 2011 retainer agreement.

6

Civil Code[3] section 1632[4] provides that when an attorney retainer agreement is negotiated in Korean, the attorney is required to provide his clients a copy of the agreement translated into Korean. LeBoff also emphasized that a reasonably prudent attorney in these circumstances would provide a translated retainer agreement to his clients to ensure they understood the terms of the agreement.

Sohn does not dispute that he failed to provide the Elder defendants with a copy of his retainer agreements translated into Korean. In fact, during a colloquy with the trial court, Sohn acknowledged that it was not his practice to provide translated copies of his retainer agreements to his clients and that he was

---

[3]    All subsequent undesignated statutory references are to the Civil Code.

[4]    Civil Code section 1632, subdivision (b), provides that "[a]ny person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement, and any other person who will be signing the contract or agreement, and before the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, that includes a translation of every term and condition in that contract or agreement: . . . ." Among the types of contracts covered by the statute is a "contract or agreement, containing a statement of fees or charges, entered into for the purpose of obtaining legal services . . . ." (§ 1632, subd. (b)(6).) The statute further provides that "[u]pon a failure to comply with the provisions of this section, the person aggrieved may rescind the contract or agreement in the manner provided by this chapter." (*Id.*, subd. (k).)

7

unaware of the requirements of section 1632 until LeBoff's testimony.

On July 15, 2021, after the close of Sohn's evidence, all the defendants moved for nonsuit. The court granted nonsuit in favor of the Church on the cause of action for breach of oral contract. The court also granted nonsuit in favor of Pastor Park and the Elder defendants on all remaining causes of action against them. Because Sohn's equitable cause of action against the Church for quantum meruit was for the trial court to resolve, the only cause of action against the Church remaining for the jury's consideration was Sohn's breach of contract claim.

At the request of the trial court, on July 19, 2021, the parties submitted briefs regarding the application of section 1632. The Church asserted the statute applied and allowed the Church to rescind the retainer agreements, and it sought leave to amend its answer to raise the statute as an affirmative defense. The Church further argued that Sohn would not be prejudiced by its proposed amendment, pointing to an excerpt from Sohn's prior deposition testimony. Specifically, when asked during his deposition whether he provided a copy of the 2011 retainer agreement to the Elder defendants translated into Korean, Sohn admitted he did not.

Sohn's brief opposed the Church's effort to raise section 1632 as a defense, arguing that the defense was time-barred pursuant to Code of Civil Procedure section 340.6. That statute governs "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services" and provides for either a one-year or four-year statute of limitations. (Code Civ. Proc., § 340.6, subd. (a).) According to Sohn, the latest the Church could have raised

section 1632 as a defense was four years from November 2012, when he ceased representing defendants.

On July 19, 2021, the trial court granted the Church's motion to amend its answer to include an affirmative defense based on section 1632. The court rejected Sohn's argument that Code of Civil Procedure section 340.6 applied, noting the Church raised section 1632 as an affirmative defense, not as a cause of action. It further found no prejudice to Sohn, citing both his deposition testimony and trial testimony acknowledging that he did not provide a translated retainer agreement to his clients. The court further cited Sohn's failure to depose LeBoff, which likely would have revealed the basis for LeBoff's expert opinion prior to trial.

The next day, the jury returned a verdict in favor of the Church. The special verdict form first asked, "Did Plaintiff Sohn and Defendant [Church] enter into a contract." The jury answered, "Yes." The special verdict form next asked, "Did Plaintiff Sohn do all, or substantially all, of the significant things that the contract and applicable law required him to do?" The jury answered, "No."

Following the jury verdict, the trial court dismissed the remaining quantum meruit cause of action against the Church. The subsequently entered judgment states that as to Sohn's quantum meruit cause of action, "based on the verdict of the jury of July 20, 2021, the Court ruled that the Fifth Cause of Action for Quantum Meruit shall be dismissed as well." The record does not otherwise appear to disclose the basis for the trial court's dismissal of Sohn's quantum meruit cause of action.

On August 16, 2021, Sohn moved for judgment notwithstanding the verdict.

9

On August 18, 2021, the trial court entered a judgment on the complaint in favor of the Church.  On the same date, the trial court entered a separate judgment on the complaint in favor of Pastor Park and the Elder defendants.

Sohn filed his notice of appeal on September 10, 2021.  In his notice of appeal, Sohn checked boxes indicating he appealed from "[j]udgment after jury trial" and "[j]udgment of dismissal after an order sustaining a demurrer."  The notice of appeal further states Sohn appealed from the "[g]ranting of [n]on-suit based on sustaining of demurrers."

On November 1, 2021, the trial court denied Sohn's motion for judgment notwithstanding the verdict.  Sohn did not separately appeal from that order.

## DISCUSSION

Sohn raises the following contentions on appeal: (1) the judgment should be reversed because the trial court erred by allowing LeBoff's testimony concerning the application of section 1632; (2) defendants waived their ability to raise section 1632 as a defense; (3) the trial court erred by allowing defendants' special jury instructions; (4) the trial court erred by disallowing Sohn's special jury instructions; (5) the trial court erred by denying Sohn's motion for judgment notwithstanding the verdict; (6) the trial court erred by sustaining defendants' demurrers to the causes of action for negligent misrepresentation and breach of the covenant of good faith and fair dealing; (7) Sohn is entitled to judgment in his favor on his causes of action for breach of oral contract and quantum meruit; and (8) the trial court erred by granting nonsuit to Pastor Park and the Elder defendants.

We address each contention in turn.

10

## I. Expert testimony regarding section 1632

Sohn first contends that judgment against him should be reversed because the trial court erroneously admitted LeBoff's expert testimony regarding section 1632. We disagree for several reasons.

First, neither Sohn's opening nor reply brief indicates that he raised a timely objection to the admission of LeBoff's testimony or moved to strike it. Sohn has therefore forfeited his argument that LeBoff's testimony was erroneously admitted. (See Evid. Code, § 353, subd. (a) [judgment shall not be reversed based on erroneous admission of evidence unless there "appears of record an objection to or motion to exclude or strike the evidence that was timely made"]; *People v. Perez* (2020) 9 Cal.5th 1, 7 [" 'the failure to object to the admission of expert testimony . . . at trial forfeits an appellate claim that such evidence was improperly admitted.' "]; *Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 346–347.)

Second, even if we reach the merits of Sohn's argument, we conclude it lacks merit. According to Sohn, Code of Civil Procedure section 340.6, subdivision (a), barred the Church from raising a defense of rescission based on section 1632 (and presumably, barred it from presenting LeBoff's testimony regarding section 1632).[5] But Code of Civil Procedure section

---

[5] Although Sohn contends the Church was procedurally barred from raising a rescission defense based on section 1632, he does not appear to challenge the conclusion that rescission pursuant to section 1632 was a complete defense to his cause of action for breach of contract. (See *DuBeck v. California Physicians' Service* (2015) 234 Cal.App.4th 1254, 1264

11

340.6 establishes a statute of limitations for a cause of action, not an affirmative defense. (See Code Civ. Proc., § 340.6, subd. (a).) Where rescission is raised as an affirmative defense, there is no applicable statute of limitations. (See *Ferguson v. Yaspan* (2014) 233 Cal.App.4th 676, 682; *French v. Construction Laborers Pension Trust* (1975) 44 Cal.App.3d 479, 485–486.) None of the cases cited in Sohn's brief is to the contrary.[6]

Third, even assuming the trial court erred by admitting LeBoff's testimony about section 1632, Sohn fails to establish that the error was prejudicial and requires reversal of the judgment. (See *Grail Semiconductor, Inc. v. Mitsubishi Electric*

["Rescission extinguishes a contract, rendering it void *ab initio*, as if it never existed."].)

[6] Sohn's reliance on the unpublished decision in *Kipperman v. Wells Fargo Bank, N.A.* (Apr. 15, 2019, D073665) [nonpub. opn.] is misplaced. (See Cal. Rules of Court, rule 8.1115(a) [subject to exception not applicable here, "an opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."].) Because the Church raised section 1632 as a defense, not a cause of action, Sohn's reliance on *Lugo v. Bank of America, N.A.* (E.D. Cal. Mar. 15, 2012) 2012 WL 893878, *8 [applying one-year statute of limitations to cause of action under section 1632], *Esoimeme v. Wells Fargo Bank* (E.D. Cal. Sep. 1, 2011) 2011 WL 3875881, *7 [same], *Ausano v. BAC Home Loan Servicing, LP* (S.D. Cal. Aug. 31, 2010) 2010 WL 3463647, *3 [same], *Lucero v. Diversified Investments Inc.* (S.D. Cal. Aug. 31, 2010) 2010 WL 3463607, *6 [same], and *Ortega v. Wells Fargo Bank* (S.D. Cal. May 11, 2010) 2010 WL 1904878 [addressing whether equitable tolling applied to statute of limitations], is also misplaced.

*& Electronics USA, Inc.* (2014) 225 Cal.App.4th 786, 799 ["A judgment of the trial court may not be reversed on the basis of the erroneous admission of evidence, unless that error was prejudicial."].) For example, Sohn does not explain how LeBoff's testimony regarding section 1632 prejudicially impacted the portions of the judgment based on the trial court's order sustaining defendants' demurrers, granting defendants' motions for nonsuit, or dismissing Sohn's cause of action for quantum meruit.

The same is true regarding the portion of the judgment resting on the jury's verdict in favor of the Church on Sohn's cause of action for breach of contract. Sohn does not convince us that the jury's verdict rested exclusively on section 1632 and not another independent basis. (See, e.g., *Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1376 ["When two independent bases exist to support a jury's verdict, one of which is lawful and the other not, a reviewing court presumes the jury's verdict rested on a lawful basis unless the record affirmatively shows otherwise."].) As noted, the special verdict form stated that the jury concluded Sohn failed to do "all, or substantially all, of the significant things that the contract and applicable law required him to do." Although Sohn's brief suggests that a juror interviewed after trial indicated the jury verdict rested on Sohn's failure to provide a translated copy of the retainer agreement to his clients, Sohn does not direct us to any evidence in the record supporting that claim.[7] Nor does he make any effort to show—with citations to

---

[7] Were there such evidence, it would likely have been inadmissible anyway. (See Evid. Code, § 1150; *Ford v. Bennacka* (1990) 226 Cal.App.3d 330, 333 [evidence of the "mental

the record describing the testimony and evidence presented at trial—that section 1632 was the only possible ground for the jury's verdict.

In short, we reject Sohn's claim that judgment should be reversed due to the trial court's admission of LeBoff's expert testimony.

## II.    Amendment of answer

Sohn next argues that the trial court erred by allowing the Church to amend its answer after the close of evidence to assert section 1632 as an affirmative defense.  We disagree.

"Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading . . . ."  (Code Civ. Proc., § 576; see also *id*., § 469 [authorizing amendment of pleadings to address "[v]ariance between the allegation in a pleading and the proof"].)

"[T]he allowance of amendments to conform to the proof rests largely in the discretion of the trial court and its determination will not be disturbed on appeal unless it clearly appears that such discretion has been abused.  [Citations.]  Such amendments have been allowed with great liberality 'and no abuse of discretion is shown unless by permitting the amendment new and substantially different issues are introduced in the case or the rights of the adverse party prejudiced.' " (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31, italics omitted; see also *South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.*

processes" of the jurors in reaching their verdict is inadmissible to impeach jury's verdict under Evid. Code section 1150].)

14

(1999) 72 Cal.App.4th 1111, 1124 [" 'A variance between pleading and proof does not justify the denial of an amendment to conform pleading to proof unless the unamended pleading "misled the adverse party to his prejudice in maintaining his action or defense upon the merits." ' "].) Amendments at trial "to conform to proof, 'if not prejudicial, are favored since their purpose is to do justice and avoid further useless litigation.' " (*Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 909.)

We are sympathetic to Sohn's argument that he might have considered abandoning this lawsuit, thereby saving himself considerable time and expense, had he known earlier about the requirements of section 1632 and the Church's intention to raise the statute in defense to Sohn's claims.

Nevertheless, we find no abuse of discretion in the trial court's decision to grant the Church leave to amend to raise section 1632 as a defense. In neither his opening nor reply brief does Sohn dispute the Church's claim that he was asked during his deposition whether he provided a translated copy of his retainer agreements to his clients. Thus, even if Sohn was unaware that the Church intended to invoke section 1632, he appears to have known there was a factual issue regarding his failure to provide his clients with translated copies of the retainer agreements. (See *Kittridge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048 ["it is irrelevant that new legal theories are introduced as long as the proposed amendments 'relate to the same general facts.' "]; *compare Garcia v. Roberts*, *supra*, 173 Cal.App.4th at p. 913 [trial court abused its discretion in granting plaintiff leave to amend complaint at trial to include claim for breach of written contract where plaintiff testified at deposition that there was only an oral agreement].) Nor does

15

Sohn dispute the trial court's observation that he opted not to take LeBoff's deposition before trial, which likely would have revealed that the Church intended to introduce evidence at trial that Sohn had failed to provide his clients with translated retainer agreements.

Finally, as noted already, Sohn fails to establish that he objected to or moved to strike LeBoff's trial testimony regarding section 1632. Evidence of Sohn's failure to provide translated copies of his retainer agreements to his clients was therefore already before the trial court when the Church sought to amend its answer to conform to proof.[8] (See Wegner, et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2022), ¶ 12:394 ["If the issues raised by the proposed amendment were

---

[8] For that reason, we are not convinced by Sohn's effort to liken this case to *California Concrete Co. v. Beverly Hills Savings & Loan Assn.* (1989) 215 Cal.App.3d 260 (*California Concrete Co.*). There, the Court of Appeal ruled that the defendant had waived its unpled affirmative defense by raising the defense for the first time in a motion for summary judgment, which the trial court granted. (*Id.* at pp. 269–270, 273.) The Court of Appeal stressed that the defendant never sought leave to amend its answer and that the plaintiff never had a sufficient opportunity to investigate the facts and law related to the defense. (See *id.* at p. 273.)

By contrast, it appears that Sohn knew as early as his deposition that there was a factual issue regarding his failure to provide his clients with translations of his retainer agreements. Additionally, unlike *California Concrete Co.*, the evidence at issue had already been admitted at trial, apparently without objection by Sohn, by the time Sohn opposed the Church's motion to amend its answer to conform to proof.

16

in fact fully tried and the evidence is already before the court, it is difficult for the opposing party to claim prejudice."].)

While the Church's failure to raise section 1632 as an affirmative defense prior to trial may have supported the trial court's ruling had it denied the Church leave to amend (see, e.g., *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613 [" 'The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment.' "]), we cannot say that the trial court abused its discretion by granting the Church leave to amend its answer to raise section 1632 as a defense.

## III. Jury instructions

Sohn contends that if the Church waived its ability to raise section 1632 as a defense, then the trial court erred by allowing the Church's special jury instructions regarding section 1632 and disallowing his special jury instructions "to counter the effects of [LeBoff's] testimony." This argument fails for two reasons.

For one thing, we have already concluded that the trial court did not abuse its discretion by granting the Church leave to amend its answer to raise a rescission defense pursuant to section 1632. Thus, even according to Sohn's argument, the Church's proffered special jury instructions were warranted because its section 1632 defense was not waived.

In any event, it appears that Sohn's proffered special jury instructions were not included in the clerk's transcript,

preventing us from meaningfully reviewing his contention.[9]  The issue must therefore be resolved against Sohn.  (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [appellant " 'has the burden of providing an adequate record' " and " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record."]; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him."].)

---

[9]      The only record citations in Sohn's opening brief regarding the jury instruction issue are two pages from the reporter's transcript.  The two pages of transcript merely indicate that both the Church and Sohn offered special jury instructions regarding section 1632.  Neither page of the reporter's transcript indicates the substance of those instructions.  Although Sohn's notice designating record on appeal requested that the superior court clerk include his proffered special jury instructions in the clerk's transcript, the jury instructions were not part of the clerk's transcript and Sohn appears not to have taken any steps to correct the record.  (See *McLaughlin v. Walnut Properties, Inc.* (2004) 119 Cal.App.4th 293, 299, fn. 6 [appellant's failure to correct clerk's transcript may result in issue being deemed waived].)

18

## IV.  Judgment notwithstanding the verdict

Sohn argues that the trial court erred in denying his motion for judgment notwithstanding the verdict.  We lack jurisdiction to consider this argument.[10]

As described earlier, Sohn moved for judgment notwithstanding the verdict on August 16, 2021.  The trial court entered judgment against Sohn on all causes of action in his complaint on August 18, 2021.  Sohn filed his notice of appeal on September 10, 2021.  The trial court issued a written order denying Sohn's motion for judgment notwithstanding the verdict on November 1, 2021.   Sohn did not separately appeal from that order.[11]

---

[10]     We asked the parties to file supplemental letter briefs addressing whether we have jurisdiction over Sohn's purported appeal from the trial court's denial of his motion for judgment notwithstanding the verdict.  We have read and considered those briefs.

[11]     In his supplemental brief, Sohn contends he made an oral motion for judgment notwithstanding the verdict and that the trial court denied the motion prior to entry of judgment.  Thus, according to Sohn, his appeal from the judgment encompassed the trial court's denial of his oral motion for judgment notwithstanding the verdict.  But Sohn fails to support his contention with a citation to the reporter's transcript from the trial court proceedings.  And, at least according to our review of the record, Sohn did not make an oral motion for judgment notwithstanding the verdict—he simply stated his intention to file such a motion.

Furthermore, our review of the denial of a motion for judgment notwithstanding the verdict requires us to examine

An order denying a motion for judgment notwithstanding the verdict is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(4); *Berge v. International Harvester Co.* (1983) 142 Cal.App.3d 152, 158.) "[W]here no appeal is taken from an appealable order, a reviewing court has no discretion to review its merits; the court must disregard all issues concerning the order on its own motion even if no objection has been made." (*Ibid*.)

Thus, Sohn's failure to appeal from the trial court's order denying his motion for judgment notwithstanding the verdict means that we lack jurisdiction to consider his appeal of the denial of that motion. (*Berge v. International Harvester Co.*, *supra*, 142 Cal.App.3d at p. 158; see also *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 ["A notice of appeal from a judgment alone does not encompass other judgments and separately appealable orders."].)

## V.   Demurrers

Sohn contends the trial court erred by sustaining defendants' demurrers to his causes of action for negligent misrepresentation and breach of the implied covenant of good

---

whether there is substantial evidence to support the verdict. (See *Johnson & Johnson Talcum Powder Cases* (2019) 37 Cal.App.5th 292, 313–314.) Sohn's briefs, however, failed to adequately describe the evidence at trial with supporting citations to the reporter's transcript. Thus, even if the matter were properly before us, it was likely forfeited. (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 ["An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference."].)

20

faith and fair dealing.  Sohn fails to carry his burden of demonstrating error.

First, Sohn failed to provide us with an adequate record to evaluate the trial court's decision to sustain defendants' demurrers.  The appellate record does not include defendants' demurrers, Sohn's oppositions, or defendants' replies in support of their demurrers.  Nor does it include a reporter's transcript of the hearing before the trial court regarding the demurrers or the trial court's order sustaining the demurrers.[12]  We therefore have no understanding of the arguments raised in connection with defendants' demurrers or the reasons for the trial court's decision to sustain the demurrers.  Because Sohn has failed to provide an adequate record for us to meaningfully review his contentions, he has failed to carry his burden of establishing error.  (See *Jameson v. Desta, supra*, 5 Cal.5th at p. 609; *Ballard v. Uribe, supra*, 41 Cal.3d at p. 574; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.*, *supra*, 203 Cal.App.4th at p. 348.)

Moreover, even if we were to overlook Sohn's failure to provide us with an adequate record regarding the demurrers, he still fails to carry his burden of demonstrating error.  His opening brief contains only conclusory arguments, without citation to pertinent legal authority, regarding the trial court's alleged errors in sustaining defendants' demurrers.  (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["[W]e may disregard conclusory arguments that are not supported by

---

[12]  The Church and Pastor Park provided the notice of ruling on their demurrer with their motion to augment the clerk's transcript, but the notice of ruling does not describe the grounds for the trial court's decision sustaining defendants' demurrers.

21

pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt."]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."].) For example, Sohn does not identify the elements of the causes of action at issue or the specific complaint allegations that purportedly established each element of those causes of action. (See *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1502 [appellants challenging order sustaining demurrer "bore the burden to show how the alleged facts are sufficient to establish every element" of cause of action]; *Sui v. Price* (2011) 196 Cal.App.4th 933, 938 ["The plaintiff 'bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law' and 'must show the complaint alleges facts sufficient to establish every element of [the] cause of action.' "].)

As a result of these shortcomings, Sohn fails to carry his burden of demonstrating the trial court erred by sustaining defendants' demurrers to his causes of action for negligent misrepresentation and breach of the implied covenant of good faith and fair dealing.

## VI. Breach of oral contract and quantum meruit

Sohn contends he is entitled to judgment in his favor on his causes of action for breach of oral contract and quantum meruit. Again, we reject Sohn's arguments.[13]

---

[13] Sohn contends that the "trial did not resolve any claims for Breach of Oral Contract and for Quantum Meruit . . . ." We are

22

Sohn appears to contend the trial court erred in granting nonsuit in favor of all defendants on his cause of action for breach of oral contract because the evidence uniformly favored him, not defendants. "A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit a jury to find in his favor. [Citation.] 'In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider the credibility of witnesses. Instead, the evidence most favorable to plaintiff must be accepted as true and conflicting evidence must be disregarded." (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291.) "In reviewing a grant of nonsuit, we are 'guided by the same rule requiring evaluation of the evidence in the light most favorable to the plaintiff.' " (*Ibid*.)

We conclude that Sohn has waived his argument regarding the trial court's grant of nonsuit in favor of defendants on his cause of action for breach of oral contract. Even though the applicable standard of review requires us to evaluate whether Sohn provided sufficient evidence to permit a jury to find in his favor, Sohn's opening brief, with minor exceptions, fails to cite to

---

puzzled by this contention. The trial court's August 18, 2021 judgment in favor of the Church clearly states that the trial court granted nonsuit on July 15, 2021, in favor of the Church on Sohn's cause of action for breach of oral contract, and dismissed Sohn's cause of action against the Church for quantum meruit. Likewise, the trial court's August 18, 2021 judgment in favor of Pastor Park and the Elder defendants clearly states that the trial court granted nonsuit in favor of these defendants. Hence, contrary to Sohn's contention, the trial court *did* resolve his causes of action for breach of oral contract and quantum meruit.

the reporter's transcripts from the trial to support his arguments.[14]  Because Sohn has failed to support his argument with citations to the record, he has waived his contention that the trial court erred by granting nonsuit to defendants on this cause of action.  (See *Alki Partners, LP v. DB Fund Services, LLC*, *supra*, 4 Cal.App.5th at p. 589; see also *City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at p. 287 ["Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record."]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."]; see Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring that brief "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."].)

Sohn further argues that the trial court erred in entering judgment against him on his cause of action for quantum meruit. According to Sohn, he fulfilled all his duties on behalf of his clients and deserves to receive the value of his services.  Where, as here, there is no statement of decision, " 'it must be presumed that every fact essential to the judgment was proved and found by the court.' [Citation.]  Review by the appellate court is limited to a determination as to whether there is any evidence,

---

[14]  We further note that Sohn failed to include in the appellate record any of the more than fifty exhibits admitted at trial.  This is yet another example of Sohn's failure to include an adequate record on appeal.

24

contradicted or uncontradicted, to support the judgment." (*Gibbs v. American Savings & Loan Assn.* (1990) 217 Cal.App.3d 1372, 1375.)

Again, even though the applicable standard of review requires us to evaluate the evidence at trial, Sohn's opening brief, with minor exceptions, fails to cite to the reporter's transcript from trial to support his arguments. Thus, as before, because Sohn has failed to cite to the record in support of his arguments, he has waived the contention that the trial court erred by dismissing his cause of action for quantum meruit. (See *Alki Partners, LP v. DB Fund Services, LLC*, *supra*, 4 Cal.App.5th at p. 589; *City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at p. 287; *Duarte v. Chino Community Hospital*, *supra*, 72 Cal.App.4th at p. 856; Cal. Rules of Court, rule 8.204(a)(1)(C).)

## VII. Nonsuit in favor of Pastor Park and Elder defendants

Sohn's final contention, which appears duplicative of some of his previous arguments, is that the trial court erred by granting nonsuit in favor of Pastor Park and the Elder defendants on his causes of action for breach of contract, breach of oral contract, and quantum meruit.

We conclude that Sohn has waived this argument for the same reasons as described earlier. Sohn's opening brief fails to support his conclusory argument with citations to the record, pertinent legal authority, or cogent legal analysis.

25

## DISPOSITION

Judgment in favor of defendants is affirmed. Defendants are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.